# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| COREY KNIGHT | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| CARMIKE CINEMAS, et al. | : | NO. 11-280 |

## MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                                          **March 1, 2012**

In this civil rights case brought against the City of Dover, Delaware, its Police Department and four individual officers, Defendants have filed a Motion Pursuant to Rule 12(b)(6), F. R. Civ. P. to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted (ECF No. 59).

A review of the highly detailed First Amended Complaint shows factual allegations relating to the arrest of the Plaintiff as of the evening of January 3 - 4, 2010, his arraignment on January 4, 2010, his release on bail as of January 11, 2010, followed by the subsequent dropping of all charges.

After review of Defendants' motion papers, the thrust of Defendants' Motion is that, notwithstanding all of the facts alleged and exhibits attached, that the Court must, as a matter of law, reach a conclusion that the Plaintiff's arrest was lawful. Although Defendants rely to some extent on the recent Supreme Court cases in Twombly v. Bell Atlantic and Iqbal v. Ashcroft, the Court rejects these arguments and finds that Plaintiff's factual allegations are sufficiently specific to meet the requirements of those cases. Phillips v. County of Allegheny, 575 F.3d 224 (3d Cir. 2008).

1

The Court cannot conclude that the allegations and exhibits considered in the light most favorable to Plaintiff require dismissal. There may be two or three separate events that could result in different jury verdicts. The Plaintiff's weakest argument, but not so weak that it should be dismissed on a Rule 12 motion, is that the officers did not have probable cause to make the initial arrest of Plaintiff. There is no dispute that there was a robbery on the night in question and that the robbers, who were masked, fled in a car that bears strong resemblance to an automobile being operated by the Plaintiff nearby on that same evening. The similarity of the vehicles appears to be the strongest factor on which the police relied to arrest the Plaintiff. However, the facts are also undisputed that the victims of the robbery could never make any identification of the Plaintiff.

Defendants rely on other allegations to support their belief that there was probable cause not only to arrest the Plaintiff initially, but also to prepare an affidavit presented at the arraignment, which took place pursuant to Delaware criminal rules of procedure and resulted in the Plaintiff being held for further prosecution. Plaintiff contends that the police concealed the fact that the victims had not been able to identify the Plaintiff and that the affidavit presented to the Justice of the Peace at the arraignment had material misstatements of fact.

There are also disputed facts as to why Plaintiff was held in prison for approximately one week following his arrest until he was released on bail on January 11, 2010, and why the prosecution continued until, suddenly, the Plaintiff was notified that the prosecution was being dropped.

It is very possible that under the alleged facts a jury could conclude that Plaintiff's rights were violated from the very start, or that they were not violated at all. It is also possible a jury

2

may find that although the police had probable cause to initially stop and arrest Plaintiff, the continued prosecution of him, by the preparation of the allegedly false affidavit and the alleged absence of any substantive evidence, resulted in the violation of Plaintiff's due process rights when he was held for further prosecution after his arraignment before the Justice of the Peace. The Delaware Rules of Criminal Procedure provide the legal background for this dispute, but do not provide grounds to determine Plaintiff's federal claims under a Rule 12 motion. Third Circuit case law is clear that where a finding of probable cause is based upon disputed facts, the Court should not make a judgment as a matter of law, particularly on a Rule 12(b)(6) motion.

Following discovery, the Court will revisit these issues assuming a motion for summary judgment is filed by any party.

Concerning Plaintiff's Monell claim, the Court finds that Plaintiff has satisfied the Twombly and Iqbal requirements for pleading a Monell claim and will require that discovery take place on the Monell issues, which may also be revisited on a motion for summary judgment.

An appropriate Order follows.

O:\DE Cases\11-280 Knight v. Carmike\Knight Memo MTD.wpd