IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COREY KNIGHT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DETECTIVE SALVATORE MUSEMICI, et al. | : | NO. 11-280 |

## MEMORANDUM RE: DISCOVERY "FENCE" AND MONELL ISSUES

**Baylson, J.**                                                                                       **March 30, 2012**

In this civil rights action against police officers of the Dover, Delaware Police
Department, the city of Dover, and the Police Department itself, Plaintiff was arrested on the
night of January 3, 2010 as a suspect in an armed robbery, but all charges were subsequently
dropped under circumstances which, to this Court, are highly unusual.

Plaintiff alleges that his arrest was without probable cause and an affidavit of probable
cause prepared by one of the arresting officers, and presented to the judge who held Plaintiff for
further prosecution, was intentionally false and misleading. As a result, the Plaintiff was held in
prison for approximately one week until he was finally released on bail. Subsequently, one of the
Defendant police officers obtained a search warrant, allegedly also containing false information,
for a saliva swab for DNA, only after Plaintiff's Public Defender had filed a motion to dismiss
the case for failure to prosecute.

The Complaint also alleges that on March 29, 2010, six days after the saliva test was
obtained, all criminal charges against Plaintiff were dropped, without further explanation, that
Plaintiff's bail money has not been returned, and there has been no explanation from the Dover
Police Department.

Because of the nature of the case, the Court requested that pro bono counsel consider entering an appearance for Plaintiff, which was done,[1] and a First Amended Complaint was filed (ECF No. 50).[2]

There have been a number of discovery disputes in this case. While Defendants' Motion to Dismiss under Rule 12(b)(6) was pending,[3] the Court required that discovery begin by Defendants producing documents relating to the claims against the individual officers. Plaintiff filed a Motion to Compel on January 31, 2012 (ECF No. 69). Based on discussions with counsel in subsequent telephone conferences and at a hearing in Court on March 19, 2012, it appears that Defendants have produced all "hard copy" documents in their possession, custody or control relating to this incident. Disputes remain as to electronically stored information.

However, there are substantial disputes about the extent of further discovery, and in particular, discovery relating to the Monell claim against the city and the Dover Police Department. Although the transcript of that hearing contains a number of rulings, the Court is filing this Memorandum to explain the reasoning for some of the rulings, and to give the parties guidance on completing discovery in a rational and cost-effective manner.

---

[1] The Court appreciates that C. Malcolm Cochran, Esquire and Jason Rawnsley, Esquire of the Wilmington firm of Richard, Layton & Finger have agreed to represent the Plaintiff on a pro bono basis.

[2] The original Complaint filed by Plaintiff pro se included many unnecessary Defendants and was dismissed by the Court without prejudice (ECF No. 35). The current Defendants in this case are the four individual police officers employed by the Dover Police Department and the city of Dover itself.

[3] The Motion to Dismiss was denied as of March 1, 2012 (ECF Nos. 79 and 80).

A.      **Rule 30(b)(6) Deposition of a Designee of the City of Dover Police Department**

Because there initially was some debate about the extent of documents within the possession, custody or control of the city of Dover and its Police Department, both relating to this incident and arguably relevant to Plaintiff's Monell claim, the Court directed that Plaintiff take a deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure of a custodian of records of the Police Department, with knowledge of the extent of those records as of February 22, 2012.  See Order of February 22, 2012 (ECF No. 76).  A Rule 30(b)(6) deposition is a customary and frequently utilized method of ascertaining the extent and location of documents within an organization, and requires that defense counsel undertake, with cooperation of Defendants, an investigation into the creation and retention of documents that may or may not be subject to discovery in a particular case.

In this case, the Rule 30(b)(6) deponent was Captain Getek, who testified for several hours, with substantial knowledge of the Dover Police Department's document retention policies. Dover has a small police department, with approximately 100 officers.  The Court emphasizes the requirement that both counsel and the witness prepare for the resumed and any future 30(b)(6) deposition by acquainting themselves with the department's policies and practices and the location and extent of documents.  The witness's deposition was not clear that the requisite preparation had been undertaken.  However, some of the questions and answers were not precise. For example, Captain Getek answered a number of questions, about whether the Police Department had documents on particular subjects by saying, "not that I'm aware of."  This answer is somewhat ambiguous because it could mean that he was not "aware" whether the Dover Police Department created or retained such documents at all, or simply, the police

department did not now have specific documents.

For this reason, the Court has ordered that Captain Getek appear for a further deposition, to clarify his answers on these points. In doing so, the questions shall be precise, and defense counsel shall prepare the witness further, so that he is knowledgeable of both the policies of the Dover Police Department concerning the creation and retention of documents as well as whether they exist, and if so, where and in what format.

B.      **Discovery "Fence"**

Discovery need not be perfect, but discovery must be fair. In determining the boundaries of appropriate discovery in any case where the scope of discovery is subject to disputes, I have found it useful to adopt, as both a metaphor and a guide to determine what discovery is appropriate, a "discovery fence." The facts that are within the discovery fence are discoverable, and relevant materials should be produced; the facts that are outside the fence are not discoverable and need not be produced in discovery.

There are two other consequences of adopting a discovery fence. First, the "fence" itself must be a "flexible fence." The judge should always be willing to reexamine the contours of the fence depending on facts that are uncovered that were not previously known, unforseen discovery expenses, or the judge's changing perception about what is fair. The "fence" can bulge or contract as case-specific circumstances require. Counsel should not hesitate in bringing new facts warranting a change in the fence to the Court.

Secondly, not all fact gathering must come from the opposing party.[4] Each party can and

---

[4]At the hearing, the Court suggested that Plaintiff's counsel could do an electronic or hard copy record search of media in and around the city of Dover to determine allegations of improper police conduct, and Plaintiff's counsel himself, with assistance of an investigator, if appropriate,

should always conduct its own investigation of matters inside and outside the fence, the results of which may warrant a change to the fence boundaries by the judge.  As to the alleged liability of the individual Defendants, the fence is broad and includes all documents containing information of this incident, and the personnel files of the four Defendants.

C.      **Monell Issues**

For reasons stated on the record at the March 19, 2012 hearing, the Court concluded  that Plaintiff's proposed discovery, in determining whether the Monell Defendants had a "pattern or practice" that might make them liable, was overly broad.  The Plaintiff had initially requested independent review of the internal affairs files of all 92 police officers employed by the city of Dover.[5]  That request is denied.

Plaintiff is willing to limit the scope of Monell discovery to arrest without probable cause, which although a legally understood term, may be hard to translate into what documents are produced in a review of files.

Because the Court felt the existing requests were overly broad and invited subjective reaction by the Defendants, the Court limited the current scope of discovery, i.e., the "discovery fence," to the following four topics:

1.      Instances where the Dover Police Department or any of its supervisors had initiated a disciplinary proceeding against a police officer, as the result of a citizen complaint of

_____

could interview individuals who had made claims against the Police Department, both for testing the accuracy and completeness of Defendants' responses to discovery, and perhaps as a means of gathering witnesses for trial.

[5]It is unclear whether the 92 officers who were employed at the incident are presently employed, and how there is any account for turnover, or new hires, etc.

arrest without probable cause, regardless of the outcome.

      2.      Any kind of civil lawsuit, on the same subject matter, also regardless of outcome.

      3.      The Defendants must conduct a key word search, of up to ten (10) names, plus dates or other "key words," and search the electronic files of all Dover police suspensions, and Defendants, including any e-mails that would reveal documents within the above two categories.

      4.      There was also a dispute about training manuals and whether they have all been produced. The Court instructed defense counsel to reexamine the production and produce training manuals that cover the topic of arrest without probable cause, as requested by Plaintiff.

Plaintiff has brought to the Court's attention an Order by Judge Farnan of this Court, in a ruling in a discovery dispute in another civil rights case against police officers, Walker v. City of Wilmington, No. 06-CV-366-JFF (D. Del. July 17, 2007). In that case, Judge Farnan ordered the production of documents concerning "any use of force investigation reports concerning the named Defendants," which this Court also believes is an appropriate topic for discovery and as to which Defendants have agreed to produce all information in their possession, custody or control. Defense counsel asserts any such documents would be within the individual personnel files.

However, Judge Farnan also required Defendants to produce "all reports prepared between 2001 and 2006 where an allegation or complaint of excessive force was made against any officer, with the name of the complainant and officer redacted." As stated at the hearing, the undersigned believes that such a requirement is excessively broad because many disgruntled citizens who have various interactions with police may file an allegation or complaint of excessive force that is completely unfounded. Further, such evidence would not be admissible at trial merely because such an allegation or complaint was made. Therefore, this Court has refined

Plaintiff's similar request in this case.

Other courts within the Third Circuit have adopted similar limitations of broad discovery requests in connection with Monell claims. See, e.g., Dawson v. Ocean Twp., No. 09-CV-6274, 2011 WL 890692, at *23 (D.N.J. Mar. 14, 2011) (denying "Plaintiff's request for all departmental internal affairs files, including all demeanor complaints which indicate violent propensities and/or untruthfulness, spanning a five (5) year period" because the request was "excessive when proffered in the abstract and absent any context," but ordering the production of a privilege log as to such files); Deluccia v. City of Paterson, No. 09-CV-703 (JLL), 2012 WL 909548, at *2 (D.N.J. Mar. 15, 2012) (holding that Magistrate Judge did not abuse discretion in denying plaintiff's application to review internal affairs files relating to police officers and supervisory officials other than the officers alleged to have been directly involved in the conduct underlying instant action and instead ordering production of privilege log as to such files). Moreover, it is well established that the management of discovery is a matter within the discretion of the district court. And in this case, for the reasons set forth above, the Court finds the limitations on Plaintiff's request to be appropriate under the circumstances.

If circumstances warrant expansion of the discovery fence, adopted above, the Court is always open.

BY THE COURT:

_____
Michael M. Baylson, U.S.D.J.

O:\DE Cases\11-280 Knight v. Carmike\Knight Memo Discovery Fence.wpd

7